# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER<br>STATE OF COLORADO<br>Court Address: 1437 Bannock Street, Room 256<br>Denver, Colorado, 80202<br>Phone Number:  (720) 865-8301 | DATE FILED: June 23, 2017 3:35 PM<br>FILING ID: CC9B53BCD2DE9<br>CASE NUMBER: 2017CV32295 |
| **Plaintiff:**<br>ENEDINA CASTANEDA MONTES<br><br>**Defendant:**<br>SPIRIT AIRLINES, INC. | ▲ COURT USE ONLY ▲ |
| Attorneys For Plaintiff<br>Attorney:  R. Jerome Aquino, #42004<br>   Timothy L. Fields, #40037<br>   Robert F. Pribila, #13645<br>   Bethany A. Pribila, #35221<br>Address:   628 North Weber Street<br>   Colorado Springs, CO 80903<br>Phone Number: (719) 473-1238<br>Fax Number:    (719) 473-2542<br>E-mail:   jaquino@pribila.com<br>   tfields@pribila.com<br>   rpribila@pribila.com<br>   bpribila@pribila.com | Case Number:<br><br>Div.: |
| COMPLAINT ||

COMES NOW the Plaintiff, Enedina Castaneda Montes, by and through her attorneys, PRIBILA, AQUINO & FIELDS, P.C., and for a Complaint against the Defendant, states, alleges, and avers as follows:

## GENERAL ALLEGATIONS

1. Plaintiff was at all times pertinent hereto a resident of the County of Adams, State of Colorado.

2. Defendant, Spirit Airlines, Inc., was at all times pertinent hereto a foreign corporation formed in Delaware and authorized to do and doing business in the State of Colorado, with a registered agent for service of process located at the Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado.

3. Defendant, Spirit Airlines, Inc., was at all times pertinent hereto, a commercial airline transporting passengers in and out of Denver International Airport in the City of Denver, State of Colorado.

## FIRST CAUSE OF ACTION - NEGLIGENCE

4. Plaintiff hereby incorporates paragraphs one through three as though fully set forth herein.

5. On or about October 6, 2015, Plaintiff, Enedina Castaneda Montes, was a seventy-nine year old passenger of Spirit Airlines, Inc., having purchased a ticket to travel from Chicago, Illinois to Denver, Colorado.

6. Prior to October 6, 2015, Defendant, Spirit Airlines, Inc., was contracted to provide wheel chair service for Plaintiff, Enedina Castaneda Montes, to and from the aircraft due to Plaintiff's disability and difficulty walking.

7. On or about October 6, 2015, Plaintiff, Enedina Castaneda Montes, deboarded the aircraft operated by Defendant, Spirit Airlines, Inc. and was carted from the terminal to a security checkpoint such that Plaintiff had to walk to the airport's baggage claim area unsupervised. As Plaintiff attempted to get onto a moving walkway, Plaintiff fell.

8. The incident as aforesaid was the sole and proximate result of Defendant's conduct in failing to provide wheelchair service as it was contracted to do, which caused Plaintiff to fall after attempting to get onto a moving walkway.

9. As a result of the conduct of Defendant, Spirit Airlines, Inc., as aforesaid, Plaintiff, Enedina Castaneda Montes, did sustain multiple injuries, including left hip pain, left shoulder pain and chest pain, and has incurred and will continue to incur pain and suffering and medical expenses, the total amount of which cannot be ascertained at this time due to the continuing nature of the injuries.

10. Plaintiff, Enedina Castaneda Montes, as a result of the incident as aforesaid, has incurred medical expenses, has sustained injuries of a continuing and permanent nature and has endured pain and suffering and loss of enjoyment of life.

11. The incident as aforesaid was the sole and proximate result of Defendant's conduct as aforesaid and Plaintiff was without negligence on her part contributing to said incident.

WHEREFORE, Plaintiff prays for Judgment against the Defendant in an amount to be determined at trial, plus costs, interest from October 6, 2015, and such other and further relief as the Court deems just and equitable.

## SECOND CAUSE OF ACTION - PREMISES LIABILITY

12. Plaintiff hereby incorporates paragraphs one through eleven as though fully set forth herein.

13. At all times pertinent hereto, Defendant, Spirit Airlines, Inc. was legally responsible for the activities conducted or circumstances existing on the real property, Denver International Airport, because, prior to October 6, 2015, Defendant, Spirit Airlines, Inc., was contracted to provide wheel chair service for Plaintiff, Enedina Castaneda Montes, to and from the aircraft due to Plaintiff's disability and difficulty walking. Therefore, Defendant, Spirit Airlines, Inc., was a landowner pursuant to C.R.S. §13-21-115.

14. At all times pertinent hereto, Plaintiff, Enedina Castaneda Montes, was an invitee of Defendant, Spirit Airlines, Inc., because it was contracted to provide wheel chair service for Plaintiff, Enedina Castaneda Montes, to and from the aircraft due to Plaintiff's disability and difficulty walking.

15. On or about October 6, 2015, Plaintiff, Enedina Castaneda Montes, deboarded the aircraft operated by Defendant, Spirit Airlines, Inc. and was carted from the terminal to a security checkpoint such that Plaintiff had to walk to the airport's baggage claim area unsupervised. As Plaintiff attempted to get onto a moving walkway, Plaintiff fell.

16. On or about October 6, 2015, Defendant, Spirit Airlines, Inc. unreasonably failed to exercise reasonable care to protect against dangers of which it knew or should have known, which caused Plaintiff to have to walk to the airport's baggage claim area and fall after attempting to get onto a moving walkway.

17. As a result of the conduct of Defendant, Spirit Airlines, Inc., as aforesaid, Plaintiff, Enedina Castaneda Montes, did sustain multiple injuries, including left hip pain, left shoulder pain and chest pain, and has incurred and will continue to incur pain and suffering and medical expenses, the total amount of which cannot be ascertained at this time due to the continuing nature of the injuries.

18. Plaintiff, Enedina Castaneda Montes, as a result of the incident as aforesaid, has incurred medical expenses, has sustained injuries of a continuing and permanent nature and has endured pain and suffering and loss of enjoyment of life.

19. The incident as aforesaid was the sole and proximate result of Defendant's conduct as aforesaid and Plaintiff was without negligence on her part contributing to said incident.

WHEREFORE, Plaintiff prays for Judgment against the Defendant in an amount to be determined at trial, plus costs, interest from October 6, 2015, and such other and further relief as the Court deems just and equitable.

Respectfully submitted this 22nd day of June, 2017.

/s/ Timothy L. Fields

Timothy L. Fields, #40037
PRIBILA, AQUINO & FIELDS

In accordance with C.R.C.P. 121, §1-26(7), a printable copy of this document with electronic signatures is maintained by the filing party and is available for inspection by other parties or the Court upon request.

ADDRESS OF PLAINTIFF
C Casa 16
Loc Tuitan 46400
Teguila, JAL